**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 9:14-cv-81401

**BRICK MARKERS U.S.A., INC.**,

    Plaintiff,

v.

**FUNDRAISING BRICK LLC**,

    Defendant.

JURY DEMAND

## COMPLAINT

Plaintiff BRICK MARKERS U.S.A., INC. (hereinafter "Plaintiff"), for its Complaint against Defendant FUNDRAISING BRICK LLC (hereinafter "Defendant") alleges as follows:

## NATURE OF ACTION

1. This is an action for patent infringement, false marking, and trademark infringement.

## PARTIES

2. Plaintiff BRICK MARKERS U.S.A., INC. ("BMU") is a corporation organized and existing under the laws of the State of Florida, having a principal place of business at 6985 Garden Road, Riviera Beach, FL 33404.

3. On information and belief, Defendant FUNDRAISING BRICK LLC ("FUNDRAISING BRICK") is a limited liability company organized and existing under the laws of the State of Missouri, having a principal place of business at 105 Industrial Drive, Hermann, MO 65041. Upon information and belief, FUNDRAISING BRICK manufactures laser engraved bricks for sale and use throughout the United States, including in this judicial district.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States of America. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court additionally has exclusive subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332, as there is diversity of citizenship between FUNDRAISING BRICK and BMU, and the amount in controversy, exclusive of interest and costs, is greater than $75,000.00.

6. On information and belief, FUNDRAISING BRICK is in the business of manufacturing, marketing, and selling laser engraved bricks, including laser engraving light colored bricks that require an additive to make light colored clay turn black when melted.

7. On information and belief, this Court has personal jurisdiction over FUNDRAISING BRICK in that:

   a. FUNDRAISING BRICK operated, conducted, engaged in, carried on business or business venture in Florida pursuant to and within the meaning of Fla. Stat. § 48.193(1)(a)(1) and from which this action arises (a true copy of a packaging label and a brick is attached as Exhibit 1); or

   b. FUNDRAISING BRICK has committed a tortuous act within the state, pursuant to and within the meaning of Fla. Stat. § 48.193(1)(a)(2) and from which this action arises; or

   c. FUNDRAISING BRICK has engaged in substantial and not isolated activity within this state, including the Southern District of Florida, pursuant to and within

the meaning of Fla. Stat. § 48.193(2) and from which this action arises, at least by virtue of transaction of business within the State of Florida.

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

## GENERAL ALLEGATIONS

9. BMU was formed to create the ultimate permanently engraved bricks, pavers, and tiles that customers could purchase for use including, but not limited to, brick fundraising, donor recognition, and custom landscape design projects.

10. BMU is the owner of United States Letters Patent No. 7,238,396 ("the '396 patent"). The '396 patent was duly and legally issued on July 3, 2007. A true copy of the '396 patent is attached as Exhibit 2.

11. The '396 patent claims, *inter alia*, a method for vitrescent marking of a substrate comprising:

> placing a substrate to be marked and at least one marking material in reactive contact with each other, wherein the substrate has an outer surface; and
>
> vitrifying the substrate and the at least one marking material together to form a vitrescent marking having an exposed visible vitrified surface area lower than the outer surface of the substrate;
>
> wherein said vitrification comprises irradiating the at least one marking material and the substrate with a radiant energy beam,
>
> wherein the radiant energy beam has a wavelength and energy level sufficient to vitrify the at least one marking material and the substrate to form the vitrescent marking having the exposed visible vitrified surface area lower than the outer surface of the substrate.

12. FUNDRAISING BRICK states in an email exchange that the laser reacts to different shades of bricks during the brick engraving process. For example, "[i]f you use just the

laser, the mark turns a kind of light green color so a powder is used on the top of the brick to turn the laser mark black.  It adheres to the brick and becomes a permanent part of the brick.  This is a patent process."  A true copy of the email exchange is attached as Exhibit 3.

13. FUNDRAISING BRICK goes on to state that the patent process "is shared between myself and one other company."  *See Id*.

14. Upon information and belief, FUNDRASIING BRICK does not have any right title or interest in or to patent rights for placing a powder on top of a brick to turn the laser mark black.

15. BMU is also the owner of following Trademarks:

| TRADEMARK | REGISTRATION NUMBER | REGISTRATION DATE | CLASS/GOODS |
|---|---|---|---|
| VITRIX | 2925273 | February 8, 2005 | IC 040. US 100 103 106. G & S: LASER SCRIBING AND VITRIFICATION OF NON-METAL BUILDING MATERIALS, NAMELY BRICKS, PAVERS, AND TERRA-COTTA AND CERAMIC TILES. |
| VITRALASE | 2920892 | January 25, 2005 | IC 040. US 100 103 106. G & S: LASER SCRIBING AND VITRIFICATION OF NON-METAL BUILDING MATERIALS, NAMELY BRICKS, PAVERS, AND TERRA-COTTA AND CERAMIC TILES. |

16. FUNDRAISING BRICK makes substantial use of the VITRIX and VITRALASE trademarks, including throughout FUNDRAISING BRICK's website. A true and correct copy of website page owned and operated by FUNDRAISING BRICK is attached as EXHIBIT 4.

## COUNT I – PATENT INFRINGEMENT

17. Plaintiff realleges the allegations set forth above in paragraphs one (1) through sixteen (16) as if set forth herein in full.

18. This Count I is instituted against FUNDRAISING BRICK for patent infringement pursuant to 35 U.S.C. § 271(a) and (g).

19. Plaintiff, on information and belief, and on that basis alleges, formed after an inquiry reasonable under the circumstances, that FUNDRAISING BRICK by acts complained of herein, and by making, using, selling, or offering for sale in the United States, including the Southern District of Florida, methods and/or services embodying the invention, have in the past and now continues to infringe the '396 patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a).

20. Plaintiff, on information and belief, and on that basis alleges, formed after an inquiry reasonable under the circumstances, that FUNDRAISING BRICK by acts complained of herein, and by offering to sell, selling, or using within the United States a product which is made by a process patented in the United States, including the Southern District of Florida, has and continues to infringe the '396 patent, in violation of 35 U.S.C § 271(g).

21. On information and belief, FUNDRAISING BRICK will continue to infringe the '396 patent unless enjoined by this court.

22. By reason of the acts of FUNDRAISING BRICK alleged herein, Plaintiff has suffered damage and is entitled to compensation for such damages in an amount to be proven at trial.

## COUNT II – FALSE MARKING

23. Plaintiff realleges the allegations set forth above in paragraphs one (1) through sixteen (16) as if set forth herein in full.

24. This Count II is instituted against FUNDRAISING BRICK for false marking pursuant to 35 U.S.C. § 292.

25. Upon information and belief, and on that basis alleges, formed after an inquiry reasonable under the circumstances, that FUNDRAISING BRICK's aforementioned acts constitute false marking, pursuant to 35 U.S.C. § 292.

26. Upon information and belief, FUNDRAISING BRICK knows, or reasonably should know, that advertising patent ownership of a process that FUNDRAISING BRICK does not in fact own rights to is illegal under Title 35 of the United States Code.

27. FUNDRAISING BRICK has caused BMU competitive injury as a result of said aforementioned violation.

28. Each false marking is a separate "offense" pursuant to 35 U.S.C. § 292(a).

## COUNT III – TRADEMARK INFRINGEMENT – VITRIX & VITRALASE

29. Plaintiff realleges the allegations set forth above in paragraphs one (1) through sixteen (16) as if set forth herein in full.

30. This Count III is instituted against FUNDRAISING BRICK for trademark infringement pursuant to § 32 of the Lanham Act, 15 U.S.C. § 1114.

31. With full knowledge and awareness of Plaintiff's ownership and prior use of Plaintiff's VITRIX and VITRALASE Marks and Registrations, FUNDRAISING BRICK has willfully used, is using, and will continue to use VITRIX and VITRALASE on identical or highly related goods in a manner that is likely to cause confusion, reverse confusion, or to cause mistake, or to deceive.

32. The acts of FUNDRAISING BRICK has harmed the reputation of BMU and severely damaged the good will of BMU.

33. Upon information and belief, FUNDRAISING BRICK will continue to divert sales from BMU as a result of the trademark infringement.

34. BMU has suffered and will continue to suffer irreparable injury due to FUNDRAISING BRICK's above described infringing activities if FUNDRAISING BRICK is not permanently enjoined.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against FUNDRAISING BRICK as follows:

A. For judgment declaring that FUNDRAISING BRICK has infringed one or more claims of the '396 patent, and will continue to infringe one or more claims of the '396 patent;

B. For a permanent injunction enjoining FUNDRAISING BRICK, its successors, assigns, subsidiaries and transferees, officers, directors, attorneys, agents, employees, subsidiaries and attorneys, and those persons acting in concert with them, including related individuals and entities, customers, representatives, dealers, and distributors, from making, using, selling, importing, or exporting, or offering for sale the method, or any resulting product

made using such method, falling within the scope of the '396 patent, and from all other acts of infringement of any of the claims of the '396 patent;

    C.    That the Court require FUNDRAISING BRICK to file written documentation under oath with this Court and to serve upon Plaintiff within twelve days (12) after service of the injunction issued in this action, setting forth the manner in which FUNDRAISING BRICK has complied with the Order.

    D.    For judgment declaring FUNDRAISING BRICK falsely marked products in violation of 35 U.S.C. § 292;

    E.    For judgment awarding monetary damages for recovery of damages adequate to compensate for the injury, pursuant to 35 US.C. § 292;

    F.    For judgment that Plaintiff's VITRIX and VITRALASE have been infringed in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. § 1051 *et seq*.

    G.    That the Court award to Plaintiff the full amount of damages sustained, including all available remedies pursuant to 35 U.S.C. § 271, *et seq*., and 15 U.S.C. § 1117, including, but not limited to, a reasonable royalty, disgorgement of the profits received by FUNDRAISING BRICK, treble damages, and costs, including reasonable attorneys' fees;

    H.    For judgment declaring this to be an exceptional case and awarding Plaintiff all remedies pursuant to 35 U.S.C. § 285 including without limitation, its costs of suit, including reasonable attorneys' fees;

    I.    That the Court award pre and post judgment interest at the maximum allowable rate on each and every damage award;

    J.    For judgment against FUNDRAISING BRICK for the maximum penalties determined by the Court to be just and proper; and

K.	For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff BMU hereby demands trial by jury as to all issues so triable as a matter of law.

Respectfully submitted,

Dated: November 10, 2014

| | |
|---|---|
| By: s/Matthew G. McAndrews | By: s/Matthew Sean Tucker |
| Matthew G. McAndrews (IL Bar. 6229799) | Matthew Sean Tucker (Fla. Bar. 90047) |
| **Counsel for Plaintiff** | **Co-Counsel for Plaintiff** |
| Niro, Haller & Niro | Tucker IP |
| 181 West Madison Street, Suite 4600 | 2515 Marina Bay Drive West, No. 202 |
| Chicago, Illinois 60602-4515 | Fort Lauderdale, FL 33312 |
| Telephone: (312) 236-0733 | Telephone: (954) 204-0444 |
| Facsimile: (312) 236-3137 | Facsimile: (954) 358-4946 |
| mmcandrews@nshn.com | mtucker@tuckeriplaw.com |
| | |
| *Attorney for Plaintiff* | *Attorney for Plaintiff* |
| *(to move for admission pro hace vice)* | |